IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:24cr489-MHT |
| | ) | (WO) |
| CARLOS FRANCISCO RODRIGUEZ | ) | |

ORDER

This cause is before the court on the oral motion to continue trial made by counsel for defendant Carlos Francisco Rodriguez during a hearing on the record on February 11, 2025. For the reasons set forth below and during the hearing, the court finds that jury selection and trial, now set for March 10, 2025, should be continued until April 14, 2025, pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the

>  commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any period of delay resulting from any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Rodriguez in a speedy trial. Defense counsel made an oral motion to continue the

2

trial until April 14, 2025, during an on-the-record hearing on February 11, 2025. He explained that language barriers have caused delays in the review of discovery. Defense counsel asserted that he spoke with Rodriguez, who agreed that a continuance was needed to adequately review all materials and prepare a defense. A continuance is necessary to allow sufficient time for defense counsel to effectively advise his client. The government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The oral motion to continue trial is granted to the extent that the jury selection and trial, now set for March 10, 2025, are reset for April 14, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

(2) The United States Magistrate Judge shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 11th day of February, 2025.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**

3

**4**